**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:
MATTHEW ALLEN SARGEANT, **SR.**
   Debtor.

_____/

MATTHEW ALLEN SARGEANT, SR.
   Plaintiff,

v.

SANTANDER CONSUMER USA INC.
d/b/a CHRYSLER CAPITAL,
and
MAC HAIK AUTOMOTIVE GROUP,
   Defendants.

Main Bankruptcy Case No.: 6:26-bk-01759-TPG
Chapter 13

FILED ORL INTAKE- USBC
24 JUN 2026 PM3:53

Adversary Proceeding No.: 26-ap- 116

## ADVERSARY PROCEEDING COMPLAINT

Comes now the Plaintiff, Matthew Allen Sargeant, appearing Pro Se, and files this Adversary Proceeding Complaint against Defendants, Santander Consumer USA Inc. d/b/a Chrysler Capital (Santander) and Mac Haik Automotive Group (Mac Haik), and respectfully alleges with statutory particularity as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 1334(b) and 157(a), 15 U.S.C. Section 1640(e) (Truth in Lending Act civil jurisdiction), and the Standing Order of Reference entered by the United States District Court for the Middle District of Florida. This action presents core proceedings pursuant to 28 U.S.C. Sections 157(b)(2)(K) (determinations of the validity, extent, or priority of liens) and 157(b)(2)(O) (proceedings affecting the adjustment of the debtor-creditor relationship).

2. Venue is proper in this district and division pursuant to 28 U.S.C. Section 1409(a), as the underlying Chapter 13 bankruptcy case is currently pending in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division.

1

3. Declaratory, statutory, and equitable relief is authorized pursuant to 11 U.S.C. Sections 105(a) and 506, Federal Rules of Bankruptcy Procedure 7001(2) and 7001(9), and 15 U.S.C. Section 1640.

## PARTIES

4. The Plaintiff, Matthew Allen Sargeant, is an individual residing in Central Florida and is the Debtor in the concurrently pending main Chapter 13 bankruptcy case before this Court.

5. Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital is a foreign corporation actively engaged in subprime automotive financing and banking operations within the State of Florida.

6. Defendant Mac Haik Automotive Group is an automotive dealership network operating under the laws of the State of Texas and doing business within interstate commerce, serving as the originating retail installment seller of the subject vehicle.

## PARTICULARIZED FACTUAL ALLEGATIONS OF FRAUD
### (Plead Pursuant to Federal Rule of Civil Procedure 9(b))

7. **The Subject Matter (The What):** This action arises out of a predatory subprime automotive credit transaction for a 2014 Dodge Challenger (the Vehicle). The vehicle is currently in the absolute physical possession of the Plaintiff and constitutes protected exempt property under Texas Property Code Section 42.002(a)(4).

8. **The Actors (The Who):** The fraudulent acts were actively committed by the financing and sales managers of Defendant Mac Haik, including an agent operating under cellular communication number +1 (360) 317-7243 (identified in text records as Austin), acting in direct coordination and joint corporate interest with Co-Defendant Santander's subprime underwriting clear-desk unit.

9. **The Timing and Venue (The When and Where):** The fraudulent statements, bait-and-switch modifications, and material lulling practices occurred continuously over a two-month period beginning in September 2023, carrying through October 2023, and terminating in late November 2023. These electronic misrepresentations were transmitted via written digital text messages directly to the Plaintiff, establishing the legal baseline parameters of an interstate consumer transaction executed out of Mac Haik's Texas operations.

2

10. **The Fraudulent Scheme (The How):** Prior to execution, Mac Haik's finance office explicitly affirmed via text message threads that the transaction would feature a hard $2,000.00 cash down payment baseline, lower target monthly payments, and a completely restructured, low-tier interest rate based on tier-matching credit information provided to their office.

11. However, upon contract signing, Defendant Mac Haik utilized a rapid digital signing protocol to execute a deceptive "contract packing" scheme, surreptitiously injecting an unrequested, hidden ancillary vehicle service contract totaling exactly $1,466.00 directly into the principal balance, while completely manipulating disclosures required under the Truth in Lending Act (TILA).

12. When the Plaintiff immediately uncovered the packed $1,466.00 warranty and excessive interest calculations and objected via text messages, Defendants Mac Haik and Santander initiated a joint "lulling" scheme. From October 2023 through late November 2023, Mac Haik's agents repeatedly assured the Plaintiff in writing that the bank was "working on your deal," that they would completely cancel the $1,466.00 junk warranty, and that they would fully refinance and unwind the contract to match the initial terms.

13. Relying entirely on these active, written electronic misrepresentations, the Plaintiff was lulled into severe non-action and induced to hand over sensitive financial underwriting data for his mother to facilitate the promised modification. Defendants intentionally utilized this delay to allow Defendant Santander to complete its internal financial clearance and transfer its final funding payment to Mac Haik. The moment Santander funded the contract, Defendants summarily rejected the modification, refused to delete the packed $1,466.00 warranty, and locked the unconscionable debt framework into place.

14. This deceptive practice directly violates Santander's national compliance mandates under the $550 Million Dollar Multi-State Attorney General Settlement (*Office of the Attorney General v. Santander Consumer USA Inc.*, Case No. 2020-CA-001076). Defendants knowingly bypassed mandated predictive credit-risk underwriting matrices to force an unfeasible, packed subprime liability asset onto the consumer.

15. Crucial physical records of this systemic underwriting fraud, including internal audio telephone recordings, underwriting communication log entries, and the unredacted risk matrices, are within the exclusive custody and administrative control of Defendants Mac Haik and Santander.

16. Under the Federal Trade Commission Holder Rule, 16 C.F.R. Section 433.1 et seq., Defendant Santander is legally stripped of holder-in-due-course immunities and is completely equalized in liability alongside Co-Defendant Mac Haik for the originating dealer fraud.

## COUNT I: FRAUD IN THE INDUCEMENT AND DECEPTIVE CONTRACT PACKING
*(Against Defendants Mac Haik Automotive Group and Santander)*

17. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 as if set forth fully herein.

18. Defendant Mac Haik made material, false representations of fact via digital text message communications concerning the pricing, down payment structures, and financing terms of the retail installment contract for the Vehicle.

19. These text message representations were false when made, and Mac Haik and Santander intentionally maintained these false parameters and engaged in a two-month lulling scheme to secure the funding of a contract containing secretly packed, unapproved warranty costs.

20. Under applicable non-bankruptcy law, where written or electronic representations are utilized to actively deceive a consumer prior to contract execution, the resulting transaction is voidable due to fraud. Under *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 314 (Fla. 2000), a contract induced by material misrepresentation cannot stand and must be set aside.

21. Defendant Santander accepted assignment of this tainted instrument, becoming legally liable for the originating fraud under the mandates of 16 C.F.R. Section 433.2, which equalizes its vulnerability to suit alongside Mac Haik.

## COUNT II: VIOLATIONS OF THE TRUTH IN LENDING ACT (TILA)
*(Against Defendants Mac Haik Automotive Group and Santander)*

22. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 as if set forth fully herein.

23. This count arises under the Truth in Lending Act, 15 U.S.C. Section 1601 et seq., and its implementing regulation, 12 C.F.R. Part 1026 (Regulation Z).

4

24. Defendants Mac Haik and Santander jointly violated TILA by failing to accurately, clearly, and conspicuously disclose the true finance charges, the accurate amount financed, and the real annual percentage rate (APR) prior to consummation of the transaction.

25. By packing the hidden $1,466.00 ancillary product cost directly into the amount financed rather than disclosing it as part of the true finance charge, Mac Haik and Santander systematically manipulated statutory mathematical disclosures to conceal the true cost of credit.

26. Pursuant to 15 U.S.C. Section 1640, Mac Haik and Santander are jointly and severally liable for actual damages, statutory damages, and total rescission of the underlying consumer credit transaction.

## COUNT III: VIOLATIONS OF CONSUMER PROTECTION LAWS AND UNFAIR TRADE PRACTICES
*(Against Defendants Mac Haik Automotive Group and Santander)*

27. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 as if set forth fully herein.

28. The conduct of Defendant Mac Haik in using text messages to establish false terms, executing a blind contract packing scheme, and engaging in a two-month lulling scheme constitutes a per se violation of statutory consumer protections and trade regulations prohibiting unfair or deceptive acts or practices in commerce.

29. Defendant Santander participated in this unfair business practice by engaging in a systematic pattern of purchasing and enforcing subprime retail installment contracts where the underlying consumer data and disclosures were structurally packed and deceptive, as established in *Office of the Attorney General v. Santander Consumer USA Inc.*, Case No. 2020-CA-001076.

30. The collective conduct of Mac Haik and Santander constitutes an unconscionable business model designed to mislead reasonable consumers and extract inflated, unbacked security interests, causing severe, unavoidable financial damage to the Plaintiff.

## COUNT IV: DETERMINATION OF LIEN VALIDITY AND EXTENT AFFECTING EXEMPT PROPERTY
*(Against Defendants Mac Haik Automotive Group and Santander)*

5

31. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 as if set forth fully herein.

32. The Vehicle is in the physical possession of the Plaintiff and constitutes property of the bankruptcy estate pursuant to 11 U.S.C. Section 541(a), and is fully protected under the applicable vehicle exemption laws of Texas where the contract was executed.

33. Because the underlying retail installment contract was created through a fraudulent scheme and packed with unapproved terms, the financing contract is void, unenforceable, and cannot support a valid, lawful security interest under Uniform Commercial Code Section 9-203, which requires an enforceable security agreement for a lien to attach.

34. Under federal bankruptcy jurisprudence, specifically *In re Washington*, 242 F.3d 1320 (11th Cir. 2001), a secured claim cannot be allowed if it is unenforceable against the debtor or property of the estate under applicable non-bankruptcy law due to fraud or misrepresentation. Plaintiff is entitled to an order declaring the underlying lien completely void or stripped down under 11 U.S.C. Section 506(d).

WHEREFORE, the Plaintiff, Matthew Allen Sargeant, respectfully requests that this Court enter a Final Judgment in his favor and against Co-Defendants Santander Consumer USA Inc. d/b/a Chrysler Capital and Mac Haik Automotive Group, granting the following relief:

A. Entering a declaratory judgment that the retail installment contract is rescinded and the underlying lien is void and unenforceable due to fraud and TILA violations;

B. Awarding actual and statutory damages against Co-Defendants Mac Haik and Santander in the amount of $100,000.00, or a trial determination, plus treble damages for willful consumer protection violations;

C. Ordering Co-Defendants Mac Haik and Santander to immediately turn over all internal audio phone recordings, telephone log histories, customer service notes, and internal risk-tier underwriting matrices associated with this transaction;

D. Ordering Co-Defendant Santander to release all security interests and surrender a clean certificate of title to the Plaintiff, confirming the vehicle is unencumbered exempt property;

6

E. Ordering the immediate and complete deletion of the fraudulent credit tradelines for Plaintiff Matthew Allen Sargeant across all consumer reporting bureaus; and

F. Granting such other, further, and equitable relief as this Court deems just, proper, and lawful.

Respectfully submitted,

Dated: June 22, 2026

Matthew Allen Sargeant, Pro Se

4101 Fairview Vista Post #327 Orlando, FL. 32804

MORTAL4LiFe@icloud.com

7

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**

MATTHew Allen SARGeANT

**DEFENDANTS**

SANTANDER CONSUMER USA/DBA CHRYSLER CAPITOL MAC HAIK AUTOMOTIVE GROUP

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

MATTHew AllenSARGeANT/PRo Se
4101 FAIRVICW VISTA Point #327
ORLANDO, FL, 32804

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
- ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor  ☐ Other
- ☐ Trustee

**PARTY** (Check One Box Only)
- ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor  ☒ Other
- ☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

ACTION FOR EQUITABLE TOLLING AND DAMAGES UNDER (TILA) 15 U.S.C §1640
COMMON LAW FRAUDULENT INDUCEMENT AND DETERMINATION OF
LIEN VALIDITY UNDER 11 U.S.C. §506

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☒ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☒ Check if this case involves a substantive issue of state law   ☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint   Demand $ 100,000.00

**Other Relief Sought**

LICN AVOIDANCE, TITLE RELEASE, STATUTORY/TREBLE DAMAGES

**B1040 (FORM 1040) (12/24)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR MATTHew Allen Sargeant | BANKRUPTCY CASE NO. 6:26:bK-01759 TPG | |
| DISTRICT IN WHICH CASE IS PENDING Middle District of Florida | DIVISION OFFICE ORlanOO | NAME OF JUDGE T.P Geyer |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF MatTHew Allen SarGeant | DEFENDANT Santander Conf, USA /DBA ChRysler Cap, MAC HAiK AutoMotiVe | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING Middle Dist. oF FloRida | DIVISION OFFICE ORLanDO | NAME OF JUDGE T.P. Geyer |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) Matt Sargeant PRO SE |
|---|

| DATE 6-24-2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Matthew Allen Sargeant |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.