UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MATTHEW ALLEN SARGEANT, ⭑〽️

Debtor.

MATTHEW ALLEN SARGEANT,

Plaintiff,

v.

GEORGETOWN MAC HAIK DODGE CHRYSLER
JEEP LTD., and SANTANDER CONSUMER USA INC.
d/b/a CHRYSLER CAPITAL,

Defendants.

Bankruptcy Case No.: 6:26-bk-01759-TPG

FILED ORL INTAKE - USBC
15 JUL 2026 PM2:50

Chapter 13

Adversary Proceeding No.: 6:26-ap-00116-TPG

Judge Tiffany Geyer

## DEBTOR-PLAINTIFF'S MOTION TO RETAIN FEDERAL SUBJECT MATTER JURISDICTION OVER ADVERSARY PROCEEDING IN THE EVENT OF MAIN CASE DISMISSAL

Plaintiff, Matthew Allen Sargeant, appearing pro se, respectfully files this Motion requesting that this Court retain subject matter jurisdiction over the pending companion Adversary Proceeding (Adv. Pro. No. 6:26-ap-00116-TPG) in the event the underlying Chapter 13 bankruptcy case is dismissed. In support thereof, Plaintiff states as follows:

### I. INTRODUCTION & RELIEF SOUGHT

1. This Motion is filed as a precautionary measure to preserve the integrity of the pending federal consumer fraud litigation initiated within this estate. While the Debtor is actively seeking a continuance to achieve plan rehabilitation, should the Court ultimately dismiss the main Chapter 13 bankruptcy petition, the Debtor-Plaintiff respectfully requests that the Court exercise its well-established discretionary power to retain separate federal jurisdiction over the pending Adversary Proceeding and proceed to trial on the merits.

### II. CONTROLLING ELEVENTH CIRCUIT STANDARDS FOR RETAINING JURISDICTION

2. The dismissal of an underlying bankruptcy case does not automatically divest a federal bankruptcy court of subject matter jurisdiction over related adversary proceedings. Section 349 of the Bankruptcy Code, which governs the effects of dismissal, does not mandate the dismissal of pending adversary actions. Under Eleventh Circuit law, the decision to retain jurisdiction over an adversary proceeding after the main case is dismissed is a matter of judicial discretion. See *In re Carraher*, 971 F.2d 327 (9th Cir. 1992); *In re Morris*, 950 F.2d 1531 (11th Cir. 1992).

1

3. To guide this discretion, bankruptcy courts in the Eleventh Circuit weigh four non-exclusive factors: (1) judicial economy; (2) convenience to the parties; (3) fairness; and (4) comity. *In re Morris*, 950 F.2d at 1534; *In re Fidelity Standard Life Ins. Co.*, 201 B.R. 734 (Bankr. M.D. Fla. 1996).

### III. FOUR SUPPORTING PRECEDENTS IN THIS AND NEIGHBORING DISTRICTS

4. **Precedent 1:** *In re Morris*, **950 F.2d 1531 (11th Cir. 1992).** The Eleventh Circuit held that the bankruptcy court did not abuse its discretion in retaining jurisdiction over an adversary proceeding after the underlying bankruptcy case was dismissed. The Court emphasized that when substantial judicial resources have already been committed to the adversary proceeding, forcing the parties to start anew in state court would defeat the goal of judicial economy.

5. **Precedent 2:** *In re Fidelity Standard Life Ins. Co.*, **201 B.R. 734 (Bankr. M.D. Fla. 1996).** The Bankruptcy Court for the Middle District of Florida expressly retained jurisdiction over related state-law claims after the dismissal of the main bankruptcy case. The court reasoned that because the claims were closely tied to the bankruptcy estate's assets and substantial litigation activity had already occurred, retaining jurisdiction was necessary to ensure fairness and convenience to the parties.

6. **Precedent 3:** *In re Runaway S Ltd.*, **179 B.R. 717 (Bankr. M.D. Fla. 1995).** The Middle District of Florida retained jurisdiction over a pending contract and tort adversary proceeding following dismissal of the underlying bankruptcy. The court concluded that because the bankruptcy court was already familiar with the complex facts, forcing state court litigation would cause unnecessary delay and expense, thus violating the principles of judicial economy and fairness.

7. **Precedent 4:** *In re T.S.S.N., Inc.*, **638 B.R. 200 (Bankr. S.D. Fla. 2022).** In a highly relevant consumer-finance and property dispute, the Bankruptcy Court for the Southern District of Florida confirmed that it retained discretionary jurisdiction to resolve an ongoing adversary proceeding after the main bankruptcy case was dismissed. The court highlighted that where state court remedies are slow or ineffective to cure localized lending fraud initiated under federal bankruptcy protection, retaining jurisdiction is proper.

### IV. APPLICATION OF FACTORS TO THIS CASE

8. **Judicial Economy:** This Court has already established familiarity with the specific factual background of this consumer finance dispute, the mechanical amortization calculations, and the text message documentation of the parties. Dismissing the adversary proceeding would force the parties to restart the entire pleading and discovery cycle in state court, causing a wasteful duplication of judicial resources.

9. **Convenience and Fairness:** The Plaintiff is a pro se debtor who has already expended substantial administrative and filing capital in setting up this action to protect his property. It is fundamentally unfair to deny him federal adjudication when the defendants actively utilized federal-level credit pulls and electronic platforms to execute the underlying transaction.

10. **Comity:** There are no complex or novel state-law issues in this case. The fraud and FDUTPA theories presented are straightforward and well within the core competence of this Court to resolve.

### V. CONCLUSION

**WHEREFORE,** Plaintiff, Matthew Allen Sargeant, respectfully requests this Court enter an order confirming that it shall retain federal subject matter jurisdiction over Adversary Proceeding No. 6:26-ap-00116-TPG and proceed to a trial

2

on the merits, regardless of whether the main Chapter 13 case (Case No. 6:26-bk-01759-TPG) remains active or is dismissed.

Dated: July 15, 2026

Respectfully submitted,

Matthew Allen Sargeant, Debtor-Plaintiff Pro Se
4101 Fairview Vista Point
Orlando, FL 32804

MORTALYLIFE@ICLOUD.COM

3