**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **In Re:** | |
| **MATTHEW ALLEN SARGEANT** | **Case No. 6:26-bk-01759** |
| **Debtor.** | **Chapter 13** |
| **MATTHEW ALLEN SARGEANT** | **Adv. Pro. No. 6:26-ap-00116-TPG** |
| **Plaintiff,** | |
| **v.** | |
| **SANTANDER CONSUMER USA INC. dba CHRYSLER CAPITAL,** **and** | |
| **MAC HAIK AUTOMOTIVE GROUP,** | |
| **Defendants.** | |

**MOTION TO DISMISS AND ANSWER AND DEFENSES IN THE ALTERNATIVE**

Defendant Santander Consumer USA Inc. dba Chrysler Capital ("Chrysler Capital" or "Defendant"), through its undersigned counsel and pursuant to Rule 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, hereby moves to dismiss the Complaint filed by Matthew Allen Sargeant ("Plaintiff") for failure to state a claim upon which relief can be granted and submits, in the alternative, its answer to the Complaint. As explained in the accompanying Memorandum of Law, Plaintiff previously filed an adversary proceeding, Adv. Proc. No. 6:26-ap-00060-TPG, raising substantially similar claims, which this Court dismissed on Defendant's Rule 12(b)(6) motion. Plaintiff has now filed this new adversary proceeding reasserting many of the same theories in a

restructured complaint. Despite the reorganization, the Complaint still fails to state any cognizable claim against Defendant.

WHEREFORE, Defendant respectfully requests that the Complaint be DISMISSED WITH PREJUDICE, that Defendant be AWARDED its reasonable attorney's fees and costs incurred responding to the Complaint, and that this Court GRANT Defendant such other and further relief as justice so requires.

Dated: July 24, 2026

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Armando Nozzolillo*

Michael S. Waskiewicz
Florida Bar No. 0693642
Armando Nozzolillo
Florida Bar No. 106544
301 South College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4900 (telephone)
(704) 331-4955 (facsimile)
Mike.Waskiewicz@wbd-us.com
Armando.Nozzolillo@wbd-us.com
Tina.Washington@wbd-us.com

*Attorneys for Movant*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **In Re:** | |
| **MATTHEW ALLEN SARGEANT** | **Case No. 6:26-bk-01759** |
| **Debtor.** | **Chapter 13** |
| **MATTHEW ALLEN SARGEANT** | **Adv. Pro. No. 6:26-ap-00116-TPG** |
| **Plaintiff,** | |
| **v.** | |
| **SANTANDER CONSUMER USA INC. dba CHRYSLER CAPITAL,** **and** | |
| **MAC HAIK AUTOMOTIVE GROUP,** | |
| **Defendants.** | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND ANSWER AND DEFENSES IN THE ALTERNATIVE**

Now comes Santander Consumer USA Inc. dba Chrysler Capital ("Chrysler Capital" or "Defendant"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, and hereby moves to dismiss the Complaint filed by Plaintiff Matthew Allen Sargeant ("Plaintiff") for failure to state a claim upon which relief may be granted. To the extent the Court requires a responsive pleading before ruling on dismissal, Defendant answers the Complaint in the alternative without waiving any defenses. In support of the Motion to Dismiss and alternative Answer, Defendant states as follows:

## INTRODUCTION

Plaintiff previously filed an adversary proceeding against Defendant in this Court, Adv. Proc. No. 6:26-ap-00060-TPG, raising substantially similar claims arising from the same retail installment contract. This Court granted Defendant's motion to dismiss under Rule 12(b)(6), dismissing that complaint without prejudice. Plaintiff then filed the present adversary proceeding, adding Mac Haik Automotive Group ("Mac Haik") as a co-defendant and restructuring his allegations into four counts.

The Complaint arises from a retail installment contract dated September 6, 2023 (the "Contract") between Plaintiff and Georgetown Mac Haik Dodge Chrysler Jeep Ltd. (the "Dealer") for the purchase of one (1) 2014 Dodge Challenger, VIN: 2C3CDYAG0EH281803 (the "Vehicle") for which Defendant holds a purchase money security interest by virtue of the Dealer's assignment of the Contract to Defendant. Plaintiff now asserts four counts: (I) fraud in the inducement and deceptive contract packing; (II) TILA violations; (III) consumer protection and unfair trade practices; and (IV) determination of lien validity under 11 U.S.C. § 506. Plaintiff seeks rescission, $100,000 in damages plus treble damages, lien avoidance, title transfer, credit reporting relief, and turnover of Defendants' internal records. Despite the restructuring, the Complaint still fails to state any cognizable claim against Defendant. The fraud allegations are directed at Mac Haik's conduct, not Defendant's; the TILA claim remains time-barred and substantively deficient; the consumer protection claims are conclusory; and the lien challenge is derivative of the failed underlying claims. Liberally construed, the Complaint should be dismissed.

## LEGAL STANDARD

"To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (cleaned up). The claim is facially plausible when a plaintiff pleads facts that allow the Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." Id. In deciding a motion to dismiss, the Court should assume the factual allegations are true and determine whether, when read together, they plausibly give rise to an entitlement of relief. Id. A court need not accept legal conclusions couched as factual allegations, nor must it accept conclusory allegations unsupported by facts. Iqbal, 556 U.S. at 678. Although pro se pleadings are construed liberally, a pro se plaintiff must still comply with procedural rules and plead sufficient facts to state a plausible claim. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

To the extent Plaintiff alleges fraud or fraudulent inducement, Rule 9(b) requires that such allegations be pled with particularity. Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 7009. A plaintiff alleging fraud must plead the who, what, when, where, and how of the alleged misrepresentation.

## ARGUMENT

### I. THE COMPLAINT FAILS TO STATE A FRAUD CLAIM AGAINST DEFENDANT

Count I of the Complaint alleges fraud in the inducement and deceptive "contract packing" against both Mac Haik and Defendant. Plaintiff now attempts to plead fraud with Rule 9(b) particularity by identifying a Mac Haik finance manager ("Austin"), referencing text message communications, and describing a two-month "lulling" scheme. Even accepting these allegations as true, the Complaint fails to state a fraud claim against Defendant.

Every specific allegation of fraud, including the false text messages about pricing, the "rapid digital signing protocol," the "contract packing" of the $1,466.00 service contract, and the subsequent promises to unwind the deal is directed at *Mac Haik and its agents*, not Defendant. The Complaint does not allege that Defendant made any false statement to Plaintiff, communicated

with Plaintiff prior to the Contract, prepared or controlled any of the allegedly deceptive sales documents, or directed Mac Haik to engage in any particular sales practice.

Plaintiff's sole allegation connecting Defendant to the fraud scheme is that Mac Haik's agents acted "in direct coordination and joint corporate interest with Co-Defendant Chrysler Capital's subprime underwriting clear-desk unit" (Compl. ¶ 8). This is a conclusory legal conclusion, not a factual allegation entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678. Plaintiff does not allege any specific communication between Defendant and Mac Haik regarding the alleged fraud, does not identify any individual at Defendant who participated in the scheme, and does not plead facts from which a reasonable inference of joint fraudulent conduct could be drawn.

To the extent Plaintiff attempts to hold Defendant liable for Mac Haik's alleged fraud through the FTC Holder Rule, 16 C.F.R. § 433, that theory also fails to support Count I as pled. The Holder Rule preserves a consumer's ability to assert against an assignee certain claims and defenses that could be asserted against the seller, but it does not transform the assignee into the original wrongdoer or create an independent fraud claim based on the assignee's own conduct. Moreover, the Holder Rule limits affirmative recovery against an assignee to amounts paid by the debtor under the contract. The Contract contains the required Holder Rule notice, including the limitation that "RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER." Plaintiff's demand for $100,000 in damages plus treble damages, lien avoidance, title transfer, and credit reporting relief exceeds that limitation.

Accordingly, Count I should be dismissed as to Defendant because the Complaint does not plead facts establishing that Defendant committed any fraudulent act, and the Holder Rule does

not create an independent fraud claim against an assignee.

## II. THE COMPLAINT FAILS TO STATE A TILA CLAIM

Count II alleges that Defendants jointly violated TILA, 15 U.S.C. § 1601 et seq., by "failing to accurately, clearly, and conspicuously disclose the true finance charges, the accurate amount financed, and the real annual percentage rate" (Compl. ¶ 24). Specifically, Plaintiff contends that by "packing" the $1,466.00 service contract into the amount financed rather than disclosing it as part of the finance charge, Defendants "systematically manipulated statutory mathematical disclosures to conceal the true cost of credit" (Compl. ¶ 25).

This claim also fails as to Defendant because TILA does not impose assignee liability unless the alleged violation is apparent on the face of the disclosure statement or other assigned documents. Plaintiff does not identify any facial mathematical error in the Contract's disclosures. Instead, Plaintiff challenges the Dealer's alleged conduct in selling and including the service contract, which is not a facial TILA disclosure violation apparent from the assigned Contract.

## III. THE TILA CLAIM IS TIME-BARRED AND EQUITABLE TOLLING IS INAPPLICABLE

Second, Plaintiff does not plead facts establishing TILA liability against Defendant as an assignee. An assignee is liable under TILA only where the alleged violation is apparent on the face of the disclosure statement or other documents assigned. Plaintiff does not allege any facial discrepancy in the APR, finance charge, amount financed, total of payments, or itemization of amount financed. His theory depends on alleged dealer misconduct surrounding the sale of the service contract, not on a disclosure defect apparent from the face of the Contract assigned to Defendant.

Even if the TILA disclosures were deficient, a TILA claim is time-barred. TILA provides that "any action under this section may be brought . . . within one year from the date of the

occurrence of the violation." 15 U.S.C. § 1640(e). The alleged TILA violation necessarily occurred, if at all, when the Contract was consummated on September 6, 2023 and the challenged disclosures were made. This adversary proceeding was not filed until June 24, 2026—nearly three years later—well outside § 1640(e)'s one-year limitations period.

Plaintiff's adversary proceeding cover sheet references "equitable tolling" (Cover Sheet, Cause of Action), but the Complaint itself does not plead any facts supporting equitable tolling. Equitable tolling of TILA's statute of limitations is available only in limited circumstances, typically where a defendant has actively misled the plaintiff about the plaintiff's cause of action, or where a plaintiff has been prevented from asserting his rights in some extraordinary way. *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706-07 (11th Cir. 1998). The Complaint does not allege that Defendant concealed any TILA violation, prevented Plaintiff from discovering the terms of the Contract, or engaged in any post-closing conduct that misled Plaintiff about his legal rights. Plaintiff had the Contract disclosures at the time of signing and alleges he discovered the alleged deficiencies shortly thereafter. A bare reference to equitable tolling on a cover sheet, without supporting factual allegations in the Complaint, is insufficient. Count II should be dismissed as untimely.

## IV. THE COMPLAINT FAILS TO STATE A CONSUMER PROTECTION CLAIM AGAINST DEFENDANT

Count III alleges violations of unspecified "consumer protection laws and unfair trade practices" against both Mac Haik and Defendant. The Complaint does not cite any specific consumer protection statute by name or code section.

Further, the specific deceptive acts alleged—the false text messages, the contract packing scheme, and the lulling promises—are alleged acts of Mac Haik and its agents, not Defendant. The Complaint does not allege any specific unfair or deceptive act committed by Defendant in its

capacity as a finance company and assignee. Plaintiff alleges that Defendant "participated in this unfair business practice by engaging in a systematic pattern of purchasing and enforcing subprime retail installment contracts" (Compl. ¶ 29), but this is a conclusory assertion that does not identify any particular deceptive act by Defendant. Purchasing a retail installment contract from a dealer is a lawful commercial activity, not an unfair trade practice. Further, Plaintiff again cites the 2020 multistate settlement as evidence, but as discussed below, the Settlement does not create a private cause of action.

## V. THE 2020 MULTISTATE SETTLEMENT DOES NOT CREATE A PRIVATE CAUSE OF ACTION

Plaintiff again relies on the 2020 multistate attorney general settlement involving Santander Consumer USA Inc. (the "Settlement"), alleging that Defendant "knowingly bypassed mandated predictive credit-risk underwriting matrices to force an unfeasible, packed subprime liability asset onto the consumer" (Compl.¶ 14). The Complaint still does not attach the settlement agreement, does not identify any specific provision allegedly breached, does not allege that Plaintiff was a party to or intended third-party beneficiary of the Settlement, and does not allege that any state attorney general or settlement administrator determined that Plaintiff is entitled to relief under the Settlement.

A regulatory or attorney-general settlement does not automatically create a private right of action for every later borrower, nor does it void later contracts, invalidate security interests, transfer title, or discharge secured debts in bankruptcy. The Settlement's prospective compliance obligations run between the settling states and Defendant; they do not create individually enforceable rights for private litigants. To the extent Plaintiff relies on the Settlement to support Counts I or III, those allegations fail to state a claim.

## VI. THE COMPLAINT FAILS TO STATE A CLAIM FOR LIEN AVOIDANCE

Count IV seeks a determination that Defendant's lien is void under 11 U.S.C. § 506 and UCC § 9-203, on the theory that a contract induced by fraud cannot support a valid security interest.

This claim is entirely derivative of Plaintiff's fraud allegations in Count I. If Count I fails, Count IV fails with it. Plaintiff's lien challenge depends on first establishing that the underlying Contract is void or unenforceable due to fraud. Because Plaintiff has not adequately pled fraud against Defendant, there is no basis to declare the Contract void or to strip Defendant's lien. Defendant is not aware of any authority holding that conclusory fraud allegations, without a viable underlying claim rendering the debt unenforceable under applicable non-bankruptcy law, are sufficient to avoid a perfected lien. Defendant's security interest was perfected by notation on the certificate of title, and Plaintiff has not pled any deficiency in perfection. Section 506 determines the extent of a secured claim based on collateral value; it does not provide an independent basis to invalidate a properly perfected lien based on unproven fraud allegations.

## VII. THE RELIEF REQUESTED EXCEEDS WHAT IS AVAILABLE UNDER APPLICABLE LAW

Even if Plaintiff had stated a cognizable claim, the relief requested in the Complaint is unavailable. Plaintiff seeks $100,000 in damages plus treble damages, lien avoidance, immediate title transfer, deletion of credit tradelines, and turnover of Defendants' internal records including audio recordings, underwriting matrices, and communication logs. As discussed, to the extent any liability could be established against Defendant through the FTC Holder Rule, recovery is expressly capped at "amounts paid by the debtor hereunder." Plaintiff's demand for $100,000, treble damages, and equitable relief far exceeds this cap. The Complaint does not allege the total amount Plaintiff has paid under the Contract, and Plaintiff cannot recover more than that amount

from Defendant under the Holder Rule. The requests for credit tradeline deletion, turnover of internal records, and equitable title transfer are not remedies available under TILA, the Holder Rule, or any Bankruptcy Code provision cited in the Complaint.

## VIII. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

The Complaint fails to state any cognizable claim against Defendant. This is Plaintiff's second attempt to plead viable claims arising from the same transaction. This Court previously dismissed Plaintiff's first complaint under Rule 12(b)(6), affording Plaintiff an opportunity to cure the deficiencies. Despite restructuring his allegations, adding a co-defendant, and attempting to invoke the FTC Holder Rule, Plaintiff's claims against Defendant remain legally deficient. Dismissal with prejudice is appropriate because the fundamental defects cannot be cured by further amendment: Plaintiff has not properly pleaded fraud against Defendant, the TILA disclosures are facially accurate and the claim is time-barred, the multistate settlement creates no private right of action, and the Holder Rule caps and limits any recovery against Defendant.

## ANSWER IN THE ALTERNATIVE

Without waiving the Motion to Dismiss, and only to the extent a responsive pleading is required, Defendant answers the Complaint as follows:[1]

## JURISDICTION AND VENUE

1. To the extent that Paragraph 1 of the Complaint calls for a legal conclusion, no response is required. To the extent a response is required, Defendant admits that Plaintiff filed an adversary proceeding in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division.

[1] Any allegation not expressly admitted is denied. Defendant denies all allegations of wrongdoing, fraud, fraudulent inducement, contract packing, TILA violations, consumer-protection violations, unfair trade practices, settlement violations, lien invalidity, improper perfection, rescission, damages, title transfer, credit reporting liability, or other liability.

2. Paragraph 2 of the Complaint calls for a legal conclusion for which no response is required.

3. Paragraph 3 of the Complaint calls for a legal conclusion for which no response is required.

**PARTIES**

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that it is a corporation doing business within the State of Florida as described in Paragraph 5 of the Complaint. Defendant denies the remaining characterizations in Paragraph 5.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint regarding Mac Haik.

7. Defendant admits that the Complaint arises out of a transaction involving a 2014 Dodge Challenger as described in Paragraph 7. Defendant denies that the transaction was "predatory" or "subprime" as characterized by Plaintiff. Defendant denies that the Vehicle constitutes exempt property under the Texas Property Code as alleged.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 regarding the identity and conduct of Mac Haik's employees or agents. Defendant denies that any of its employees acted "in direct coordination" with Mac Haik to commit fraud.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 regarding the timing, venue, and nature of Mac Haik's alleged communications with Plaintiff.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 regarding Mac Haik's alleged representations via text messages. Defendant denies that it made any representations to Plaintiff regarding pricing, down payment structures, or financing terms prior to the execution of the Contract.

11. Defendant admits that the Contract reflects a serve contract charge/itemization. Defendant denies the allegations in Paragraph 11 that it participated in any "contract packing" scheme or manipulated TILA disclosures. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mac Haik's signing protocols.

12. Defendant denies the allegations in Paragraph 12 that it participated in any "lulling" scheme. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mac Haik's communications with Plaintiff from October through November 2023.

13. Defendant denies the allegations in Paragraph 13. Defendant denies that it "intentionally utilized" any delay or that it was part of any scheme to induce Plaintiff into non-action. Defendant funded the Contract in the ordinary course of its business as an assignee.

14. Defendant admits Santander was party to a multistate settlement. Defendant denies that it "knowingly bypassed" any compliance mandates.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 regarding records allegedly in Defendants' custody. To the extent Paragraph 15 characterizes Defendant's conduct, Defendant denies those characterizations.

16. To the extent Paragraph 16 states a legal conclusion regarding the FTC Holder Rule, no response is required. To the extent a response is required, Defendant admits that the Contract contains the FTC Holder Rule notice required by 16 C.F.R. § 433.2. Defendant denies

that the Holder Rule "legally strips" Defendant of all defenses or "completely equalizes" its liability as characterized by Plaintiff.

**COUNT I: FRAUD IN THE INDUCEMENT AND DECEPTIVE CONTRACT PACKING**

17. Defendant repeats and realleges its responses to Paragraphs 1 through 16 as set forth above with respect to the allegations incorporated by reference in Paragraph 17.

18. Denied. Defendant denies the allegations in Paragraphs 18 through 21. Defendant denies that it made any material false representations, engaged in any lulling scheme, or accepted assignment of a "tainted instrument." To the extent these paragraphs allege conduct by Mac Haik, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.

**COUNT II: VIOLATIONS OF THE TRUTH IN LENDING ACT**

22. Defendant repeats and realleges its responses to Paragraphs 1 through 16 as set forth above with respect to the allegations incorporated by reference in Paragraph 22.

23. Paragraph 23 calls for a legal conclusion for which no response is required.

24. Denied. Defendant denies the allegations in Paragraphs 24 through 26. Defendant complied with all applicable TILA disclosure obligations. The Contract's disclosures are facially accurate, and the $1,466.00 service contract is separately itemized in the Itemization of Amount Financed. Defendant further denies that it is jointly and severally liable for rescission or statutory damages as alleged.

**COUNT III: CONSUMER PROTECTION AND UNFAIR TRADE PRACTICES**

27. Defendant repeats and realleges its responses to Paragraphs 1 through 16 as set forth above with respect to the allegations incorporated by reference in Paragraph 27.

28. Denied. Defendant denies the allegations in Paragraphs 28 through 30. Defendant

denies that it committed any unfair or deceptive act, that it engaged in a "systematic pattern" of purchasing deceptive contracts, or that its conduct constitutes an "unconscionable business model." To the extent these paragraphs allege conduct by Mac Haik, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.

**COUNT IV: DETERMINATION OF LIEN VALIDITY**

31. Defendant repeats and realleges its responses to Paragraphs 1 through 16 as set forth above with respect to the allegations incorporated by reference in Paragraph 31.

32. Defendant admits that the Vehicle is property of the bankruptcy estate. Defendant denies the remaining allegations in Paragraph 32, including that the Vehicle is "fully protected" under the Texas vehicle exemption as characterized by Plaintiff.

33. Denied. Defendant denies the allegations in Paragraphs 33 and 34 that the Contract is void, unenforceable, or unable to support a valid security interest. Defendant's security interest was properly perfected by notation on the certificate of title and is enforceable under applicable law. Defendant denies that its lien should be voided or stripped under 11 U.S.C. § 506(d) or any other provision.

**FIRST AFFIRMATIVE DEFENSE**

34. The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b).

**SECOND AFFIRMATIVE DEFENSE**

35. To the extent the Complaint alleges fraud, fraudulent inducement, contract packing, misrepresentation, or deceptive conduct, such allegations are not pled with particularity as to Defendant as required by Rule 9(b).

**THIRD AFFIRMATIVE DEFENSE**

36. Plaintiff's claims are barred to the extent they rely on statutes, regulations, or settlement agreements that do not create a private right of action.

**FOURTH AFFIRMATIVE DEFENSE**

37. Plaintiff lacks standing to enforce any multistate settlement, regulatory settlement, consent judgment, or agreement to which Plaintiff is not a party or intended beneficiary.

**FIFTH AFFIRMATIVE DEFENSE**

38. Defendant is not independently liable for alleged conduct of the selling dealer, including alleged false representations, contract packing, lulling practices, warranty sales practices, or other dealer conduct, absent facts establishing a legal basis for such independent liability.

**SIXTH AFFIRMATIVE DEFENSE**

39. Defendant complied with all applicable disclosure obligations and other applicable law.

**SEVENTH AFFIRMATIVE DEFENSE**

40. Plaintiff's claims are barred because Plaintiff has not suffered any legally cognizable injury caused by Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

41. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not pled or suffered recoverable damages.

**NINTH AFFIRMATIVE DEFENSE**

42. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, ratification, and acceptance of benefits.

**TENTH AFFIRMATIVE DEFENSE**

43. Plaintiff's TILA claim is barred by the one-year statute of limitations set forth in 15 U.S.C. § 1640(e), and Plaintiff has not pled facts sufficient to support equitable tolling.

## ELEVENTH AFFIRMATIVE DEFENSE

44. To the extent Plaintiff asserts claims against Defendant through the FTC Holder Rule, 16 C.F.R. § 433, recovery is limited to amounts paid by the Plaintiff under the Contract, and Plaintiff's claims for damages, treble damages, lien avoidance, title transfer, and other equitable relief exceed the scope of relief available under the Holder Rule.

## RESERVATION OF RIGHTS

45. Defendant reserves the right to amend, supplement, or withdraw defenses as discovery proceeds and as additional facts become known.

**WHEREFORE**, Defendant respectfully requests judgment:

a. dismissing the Complaint with prejudice as to Defendant;

b. for the costs and disbursements of this Adversary Proceeding to be taxed against the Plaintiff; and

c. for such other and further relief as the Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: July 24, 2026 **WOMBLE BOND DICKINSON (US) LLP**

*/s/ Armando Nozzolillo*
Michael S. Waskiewicz
Florida Bar No. 0693642
Armando Nozzolillo
Florida Bar No. 106544
301 South College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4900 (telephone)
(704) 331-4955 (facsimile)
Mike.Waskiewicz@wbd-us.com
Armando.Nozzolillo@wbd-us.com
Tina.Washington@wbd-us.com

*Attorneys for Movant*

**CERTIFICATE OF SERVICE**

I, the undersigned, or Womble Bond Dickinson (US) LLP certifies:

That I am, at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, the foregoing was served by USPS regular mail on:

Matthew Allen Sargeant, Sr.
4101 Fairview Vista Point #327
Orlando, FL 32804
*Plaintiff*

I certify under penalty of perjury that the foregoing is true and correct.

July 24, 2026 **WOMBLE BOND DICKINSON (US) LLP**

*/s/ Armando Nozzolillo*
Michael S. Waskiewicz
Florida Bar No. 0693642
Armando Nozzolillo
Florida Bar No. 106544
301 South College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4900 (telephone)
(704) 331-4955 (facsimile)
Mike.Waskiewicz@wbd-us.com
Armando.Nozzolillo@wbd-us.com
Tina.Washington@wbd-us.com

*Attorneys for Movant*