**ORDERED.**

**Dated: August 05, 2026**

Tiffany P. Geyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Matthew Allen Sargeant, Sr,

Case No. 6:26-bk-01759-TPG
Chapter 13

Debtor.
_______________________________/

Matthew Allen Sargeant, Sr,

Plaintiff,

Adversary No. 6:26-ap-00116-TPG

v.

Santander Consumer USA, Inc.
d/b/a Chrysler Capital and
Mac Haik Automotive Group,

Defendants.
_______________________________/

**ORDER DENYING MOTION TO RETAIN**
**<u>JURISDICTION AND DISMISSING ADVERSARY PROCEEDING</u>**

This matter comes before the Court sua sponte. On March 13, 2026, Debtor Matthew Allen Sargeant, Sr., filed a petition under Chapter 13 in Case No. 6:26-bk-01759-TPG. (No. 6:26-bk-01759-TPG, Doc. No. 1.) The Debtor filed this action against Santander Consumer USA, Inc. and Mac Haik Automotive Group on June 24, 2026. (Doc. No. 1.) The Debtor's

bankruptcy case was dismissed on July 16, 2026, for his failure to attend the 341 meeting. (No. 6:26-bk-01759-TPG, Doc. No. 42.) Anticipating dismissal of this proceeding due to dismissal of the underlying bankruptcy case, the Debtor filed a motion asking the Court to retain jurisdiction of the adversary proceeding if the bankruptcy case was dismissed (the "Motion"). (Doc. No. 5.)

"[T]he dismissal of a bankruptcy case normally results in the dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings . . . ." *In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992). Dismissal does not automatically strip the bankruptcy court of jurisdiction, and the decision to retain the adversary proceeding rests in the bankruptcy judge's discretion. *Id.* "Although dismissal of the bankruptcy case usually results in dismissal of all remaining adversary proceedings, 11 U.S.C. § 349 gives the bankruptcy court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown." *Id.* at 1535. In determining whether to retain jurisdiction, the bankruptcy court considers the following three factors: "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *Id.* That said, Section "349 does not allow a bankruptcy court to retain jurisdiction over an adversary proceeding where the dismissal of the main bankruptcy case eliminates the constitutional basis for federal jurisdiction over that proceeding." *In re Le Fande*, 641 B.R. 430, 435 (Bankr. S.D. Fla. 2022).

In the Amended Complaint, the Debtor alleges various misdeeds arising from the financing of a used car.[1] He lists three causes of action consisting of alleged violations of the "FTC holder rule," the Truth in Lending Act, and the Florida Deceptive and Unfair Trade

---

[1] The allegations are substantially similar to the allegations in the adversary proceeding that the Debtor filed against Chrysler Capital in Case No. 6:26-ap-0060-TPG. The Court declined to retain jurisdiction over that proceeding and dismissed it on August 3, 2026. (No. 6:26-ap-0060-TPG, Doc. No. 11.)

Practices Act ("FDUTPA"). (Doc. No. 7 at 6-7.) The Debtor asks for the following relief: declaring the "retail installment sales contract rescinded, void, and unenforceable," disallowing Santander's claim in the bankruptcy case, damages under the Truth in Lending Act and FDUTPA, and "damages for funds paid under false pretenses . . . ." (*Id.* at 7-8.) This proceeding has been pending for less than two months, and the Amended Complaint was filed less than two weeks ago. Considering judicial economy, fairness and convenience to the Debtor and the Defendants, and the degree of difficulty of the related legal issues, cause has not been shown to retain jurisdiction of this proceeding.

Accordingly, it is

**ORDERED**:

1. The Motion (Doc. No. 5) is **DENIED**;
2. This case is **DISMISSED WITHOUT PREJUDICE**; and
3. The Clerk is directed to close this adversary proceeding.

###

The Clerk is directed to serve a copy of this order on all interested parties.